IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RNPM, LLC<br>Plaintiff<br>vs<br>MICHELLE MARIE CRESPO-DAVILA<br>Defendant | CIVIL 11-1471CCC |

**JUDGMENT**

Upon plaintiff's application for judgment, and it appearing from the records of the above entitled cause that default was entered by the Clerk of this Court against the defendant (for their failure to plead or file an answer to the complaint, or otherwise appear in the above cause), and that plaintiff is entitled to a judgment by default, and the Court being fully advised of the facts,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Defendant is hereby ordered to pay Plaintiff the following sums:

***ONE HUNDRED FIFTY FIVE THOUSAND EIGHT HUNDRED AND THIRTEEN DOLLARS AND SEVENTY SIX CENTS ($155,813.76)*** in principal, $8,540.94 in accrued interest as of August 29, 2011, which continue to accrue at 6.25% per annum until payment in full, accrued late charges, plus and any additional disbursements made by plaintiff on behalf of defendant in accordance with the mortgage deed, plus costs, and the amount of $16,650.00 in attorney's fees.

1.    In default of the payment of the sums hereinbefore specified or of any part thereof, within ten (10) days from the date of entry of this judgment, the following mortgaged property described herein, shall be sold at public auction to the Highest bidder therefor, without an appraisal or right of redemption for the payment of plaintiffs mortgage within the limits secured thereby:

CIVIL 11-1471CCC                                    2

**URBAN**:     HORIZONTAL PROPERTY APARTMENT "F" dash thirty-three (F-33) of Paisajes de Escorial Condominium located in San Antón Ward, Carolina, located on the third (3rd), fourth (4th) and fifth (5th) floors of Building of the condominium. The apartment has an area of one hundred thirty-nine square meters and thirty-nine thousandths (139.093 sm.); the third (3rd) floor is bounded on the North by the exterior wall that overlooks the back yard in a distance of ten meter and four hundred thirty-nine thousandths (10.439 m.); on the South, by the wall that separates it from apartment "F" dash thirty one (F-31) in distance of ten meters and four hundred thirty-nine thousandths (10.439 m.); on the East by the exterior wall that overlooks the side yard in a distance of five meters and twenty-nine thousandths (5.029 m.); and on the West, where the entrance is located, by the hallway, the stairwell, and common elements that separates it from apartment "F" dash thirty-two (F-32) in a distance of six meters and nineteen thousandths (6.019 m.). The fourth (4th) floor is bounded on the North by the exterior wall that overlooks the back yard in a distance of eleven meters and six hundred fifty-eight thousandths (11.658); on the South, by the wall that separates it from apartment "F" dash thirty-one (F-31) in a distance of eleven meters and six hundred fifty-eight thousandths (11.658 m.), on the East by the exterior wall that overlooks the side yard in a distance of six meters and nineteen thousandths (6.019m.); and on the West by the wall that separates it from apartment "F" dash thirty-two (F-32) in a distance of six meters and nineteen thousandths (6.019 m.). The fifth (5th) floor is bounded on the North and West by the open horizontal roof area which is a Common Element limited to this apartment, on the East, by the exterior wall that overlooks the side yard, and on the South by wall that separates it from apartment "F" dash thirty-one (F-31). The third floor of this apartment consists of living and dining areas, kitchen-laundry, bathroom, and the staircase leading to the fourth (4th) floor. The fourth (4th) floor. The fourth floor consists of three bedrooms with a closet each, two (2) bathrooms, a hallway, and the staircase leading to the third and fifth floors. The fifth floor consists of a roofed open area measuring three meters ninety-six hundredths (3.96) by two meters fifty one hundredths (2.51 m.) and the area occupied by staircase leading to the fourth floor measuring two meters eighty nine hundredths (2.89 m.) by ninety-six hundredths of a meter (0.96 m.). The entrance to this apartment, located on its western boundary, communicates with the hallway and stairwell of the buildings that lead to the sidewalk. This apartment has a part and appurtenant to six thousand six hundred ninety-two ten thousandths percent (0.6692%) of the Common Elements and fourteen and five hundred thirty-four ten thousandths percent (14.0534%) or the Limited Common Elements of Buildings "F". It also has as part and appurtenant to it two (2) parking spaces in the parking area identified with the Unit Designation. The apartment has, as Common Element limited to it, that horizontal area of the roof, on the building built, directly over the apartment excluding the area designated in the Deed Plan as the gazebo in terrace, which forms part of the apartment. Elementos comunes generales equivalentes a catorce punto cero cinco tres cuatro uno por ciento (14.05341%).

Recorded at page 6 of volume 1269 of Carolina, property number 54,458, Registry of Property of Puerto Rico, Second Section of Carolina.

CIVIL 11-1471CCC                                  3

2.     The U.S. Marshal for this District is hereby designated and appointed Special Master to make the sale hereinbefore mentioned but said Special Master shall not proceed to carry out the said sale, nor do anything in connection therewith, until further order of this Court and under the form and conditions to be directed by this Court.

3.     The sale to be made by the Special Master appointed herein shall be subject to the confirmation of this Court, and the purchaser or purchasers thereof shall be entitled to receive possession of the property sold. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed referred to in this auction is **One Hundred and Sixty Six Thousand Five Hundred Dollars ($166,500.00)**.

4.     Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a.     To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the Court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses and attorney's fees.

b.     To the payment of all expenses or advances made by the Plaintiff.

c.     To the payment to plaintiffs of the amount of *ONE HUNDRED FIFTY FIVE THOUSAND EIGHT HUNDRED AND THIRTEEN DOLLARS AND SEVENTY SIX CENTS ($155,813.76)* in principal, $8,540.94 in accrued interest as of August 29, 2011, which continues to accrue at 6.25% per annum until payment in full, accrued late charges, plus and any additional disbursements made by plaintiff on behalf of defendant in accordance with the mortgage deed, plus costs, and the amount of $16,650.00 in attorney's fees.

CIVIL 11-1471CCC                            4

        d.     If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court.

        e.     If after making all the above payments there is a deficiency, Plaintiff may seek further orders of the Courts to collect said deficiency from Defendant.

    5.     Plaintiff in these proceedings may apply to this Court for such further orders, as it may deem advisable to its interests, in accordance with the terms of this judgment.

SO ORDERED.

At San Juan, Puerto Rico, on September 26, 2011.

                                                                          S/CARMEN CONSUELO CEREZO
                                                                          United States District Judge